FILED
U.S. DISTRICT COURT
2017 SEP 12 PM 2:30
CLERK'S OFFICE
AT BALTIMORE
BY_____DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA | * |
| v. | * Criminal No. WMN-97-355 |
| | * Civil Action No. WMN-17-1468 |
| HILTON THOMAS | * |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM**

Before the Court is a Petition to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 filed by Petitioner Hilton Thomas. ECF No. 471. The Government has opposed the Petition, and Petitioner has filed a reply. Because the pleadings, files, and records conclusively show that Petitioner is not entitled to relief, the Court concludes that an evidentiary hearing is not necessary, United States v. Diaz, 547 Fed. App'x 303, 304 (4th Cir. 2013) (citing United States v. Witherspoon, 231 F.3d 923, 925-27 (4th Cir. 2000)), and the Petition will be denied.

On December 7, 1998, Petitioner was convicted on all counts of a four-count indictment: Count One – Conspiracy to Murder in Aid of Racketeering, in violation of 18 U.S.C. § 1959(a)(5); Count Two – Murder in Aid of Racketeering, in violation of 18 U.S.C. § 1959(a)(1); Count Three – Conspiracy to Retaliate Against Witnesses, in violation of 18 U.S.C. § 371; and Count Four – Conspiracy to Distribute Narcotics, in violation of 18

U.S.C. § 846. He was subsequently sentenced to 120 months as to Count One, life as to Count Two, 60 months as to Count Three, and life as to Count Four, all to run concurrently. The life sentence under Count Two was imposed consistent with the then-applicable mandatory sentencing guidelines. The Fourth Circuit affirmed his conviction and sentence. United States v. Williams, 18 F. App'x 52 (4th Cir. 2001).

On June 25, 2012, the Supreme Court issued Miller v. Alabama, 132 S. Ct. 2455 (2012), in which the Court held that the imposition of a mandatory, life-without-the-possibility-of-parole sentence on a homicide offender who was a juvenile at the time of the offense violates the Eighth Amendment. On June 8, 2015, this Court dismissed a Petition filed by Petitioner which included a claim under Miller v. Alabama, but also issued a Certificate of Appealablity on the issue of whether Miller v. Alabama is retroactively applicable to cases on collateral review. Petitioner then filed a timely appeal. Subsequently, the Supreme Court in Montgomery v. Louisiana, 136 S. Ct. 718 (2016), answered the question of retroactivity in the affirmative. The parties then filed a joint motion to remand and on February 3, 2016, the Fourth Circuit vacated Petitioner's sentence and remanded the case to this Court for resentencing. Petitioner was resentenced on June 1, 2016, to a term of 480 months: 120 months as to Count One, 480 months as to Count Two,

60 months as to Count Three, and 240 months as to Count Four, with the terms of imprisonment as to Counts One, Three, and Four running concurrent with the term for Count Two.

On May 30, 2017, Petitioner filed the instant petition to vacate this new sentence, raising a single issue. Petitioner claims that the Government engaged in prosecutorial misconduct by including an alleged false statement in its resentencing memorandum. Petitioner's counsel for resentencing, Katherine Newberger, had argued in her resentencing memorandum that a 30-year sentence would be appropriate because that is the sentence that Petitioner's trial counsel, Tony Gioia, recalled that the Government would have offered had Petitioner agreed to plead guilty prior to trial. ECF No. 419 at 2. The Government countered in its resentencing memorandum that the "30-year offer was (according to Mr. Gioia) contingent, not only on Mr. Thomas pleading guilty, but on his cooperation in the prosecution of others. Ex. J." ECF No. 461. Petitioner claims in the instant Petition that the plea offer was not contingent and that, were it not for the Government's false representation that it was, the Court "would have strongly considered imposing a 30 year sentence of imprisonment at Petitioner's resentencing proceeding." ECF No. 477 at 7.

As part of this same argument, Petitioner disputes that the document referenced by the Government in its resentencing

3

memorandum as "Ex. J" ever actually existed and cites the Government's reference to a non-existent exhibit as further evidence of prosecutorial misconduct. Based upon the apparent belief that the Government was referencing a written plea agreement, Petitioner represents in his Petition that he made a Freedom of Information request for that document through the United States Department of Justice Executive Office for United States Attorneys, but no such document was produced. ECF No. 471 at 5. After the Government explained in its opposition to the Petition that Exhibit J was a printout of an email exchange between Government counsel and Mr. Gioia regarding Mr. Gioia's memory of any plea offer, Petitioner contacted Ms. Newberger to inquire if she had information about Exhibit J. Ms. Newberger responded that Government counsel "never actually filed an Exhibit J. So there is no exhibit J." ECF No. 477-1.

It is true that Exhibit J to the Government's Resentencing Memorandum was not filed in the Court's electronic filing system. A paper copy of the exhibit, however, was provided to the Court and was reviewed by the Court prior to the resentencing. It seems apparent from the record that Ms. Newberger was also provided a copy of Exhibit J with the Government's resentencing memorandum. In her reply, she raises no concerns about any missing exhibit and she specifically acknowledges that Petitioner failed "to plead guilty and

4

cooperate." ECF No. 463 at 9 (emphasis added). While the Government's failure to properly docket an exhibit might constitute an instance of minor carelessness, it does not evince prosecutorial misconduct.

To establish prosecutorial misconduct, Petitioner must demonstrate (1) that the conduct of the United States was in fact improper and (2) that the improper conduct prejudicially affected Petitioner's substantial rights so as to deprive him of a fair trial or sentence. United States v. Mitchell, 1 F.3d 235, 240 (4th Cir. 1993). The Court finds no evidence of improper conduct on the part of the Government. After Ms. Newberger represented in her resentencing memorandum that Mr. Gioia believed that the Petitioner would have been offered a 30-year sentence had he signed a plea agreement, Government counsel emailed Mr. Gioia to inquire if the 30-year offer was premised on cooperation. Ex. J to Government's Resentencing Mem.[1] Mr. Gioia responded, "Although I have no specific recall, given that Jerry Williams was already serving a life sentence, I assumed that a plea agreement would have included testifying against the remaining defendant (Montemarano's client)." Id.[2] Based on that email exchange, the Government accurately represented to the

---

[1] To complete the Court record, the Court will attach this document to this memorandum.

[2] Jerry Williams was one of Petitioner's co-defendants. Mr. Montemarano's client was another co-defendant, Timothy Simms.

5

Court that the "30-year offer was (<u>according to Mr. Gioia</u>) contingent, not only on Mr. Thomas pleading guilty, but on his cooperation in the prosecution of others." ECF No. 461 (emphasis added).

Even were the Court to find the Government's representation was in some way misleading, the Court would not find it prejudicial. The undersigned presided over the trial, the initial sentencing, and the resentencing and determined that a sentence of 480 months was appropriate for the reasons stated on the record at the resentencing. <u>See</u>, ECF No. 470, Tr. of 6/1/16 Resentencing at 2-6. Whether the Government's offer of a 30-year plea agreement was contingent or non-contingent on Petitioner's cooperation would not have altered the Court's reasoning.

Finding no merit in Petitioner's claim of prosecutorial misconduct, the Court will deny the Petition.[3] Because the Court

---

[3] The Government also argues that Petitioner's prosecutorial misconduct claim is procedurally defaulted. Petitioner filed no appeal after his resentencing. In general, a claim that could have been raised at trial and on direct appeal, but was not, may not be raised in a collateral attack absent a showing of cause and prejudice or actual innocence. <u>Murray v. Carrier</u>, 477 U.S. 478, 490-92 (1986). Petitioner made no proffer of such a showing. Instead, Petitioner argues that, because his claim is premised on the Due Process Clause of the Fifth Amendment and, thus, is constitutionally based, it is not subject to procedural default. A claim of prosecutorial misconduct may rise to the level of a constitutional claim when a prosecutor's comments or conduct infringes on a defendant's specific rights, such as the right to remain silent or the right to counsel. See <u>Darden v.</u>

will deny Petitioner's motion under § 2255, it must determine whether a certificate of appealability should issue. A certificate of appealability shall not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner satisfies this standard by demonstrating that reasonable jurists would find that an assessment of the constitutional claims is debatable and that any dispositive procedural ruling dismissing such claims is likewise debatable. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683-84 (4th Cir. 2001). As reasonable jurists would not find this Court's denial of Petitioner's Section 2255 Petition debatable, a certificate of appealability will not issue.

A separate order will issue.

/s/
William M. Nickerson
Senior United States District Judge

DATED: September 12, 2017

---

Wainwright, 477 U.S. 168, 182 (1986). While is it doubtful that Petitioner's claim rises to that level, the Court will assume for purposes of this memorandum that Petitioner's claim was not procedurally defaulted.

7